IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAUTILUS INSURANCE CO. | : | CIVIL ACTION |
| v. | : | |
| GREEN EYE TECHNOLOGY, LLC and RORY CUTAIA | : | NO. 11-7322 |

### MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS

**I.  Introduction**

Plaintiff Nautilus Insurance Company ("Nautilus"), a citizen of Arizona, brought this action seeking a declaration that it is not required to defend or indemnify its insured, Green Eye Technology, LLC ("Green Eye") in an action brought by Rory Cutaia ("Mr. Cutaia") against Green Eye in the Western District of Virginia.  Nautilus joined Mr. Cutaia in this declaratory judgment action as a necessary party.

Mr. Cutaia has move to dismiss the entire case on two grounds:

(1) lack of subject matter jurisdiction because Nautilus failed to properly plead Green Eye's citizenship status; and

(2) lack of personal jurisdiction over Mr. Cutaia, which he argues necessitates dismissal of the entire case because Mr. Cutaia is an indispensable party.

As discussed below, the Court agrees that Nautilus did not meet its burden to establish that the Court has diversity jurisdiction over this matter.  Without reaching Mr. Cutaia's argument on personal jurisdiction, therefore, the Court will GRANT Mr. Cutaia's motion without prejudice, and will allow Nautilus to submit an Amended Complaint to plead Green Eye's

citizenship status properly.

## II.    Nautilus did not Properly Plead the Basis for Diversity Jurisdiction

Complete diversity between Plaintiff and Defendants is a prerequisite to federal district court jurisdiction under 28 U.S.C. § 1332.  <u>Zambelli Fireworks Mfg. Co., Inc. v. Wood</u>, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant."). Mr. Cutaia contends that the Court lacks diversity jurisdiction because Nautilus did not properly plead Green Eye's citizenship status.

Green Eye is a limited liability company ("LLC").  The Third Circuit has held that "the citizenship of an LLC is determined by the citizenship of its members." <u>Zambelli</u>, 592 F.3d at 420.  Although the Complaint alleges that "Green Eye Technology is a Pennsylvania company that regularly conducts business and/or introduces products into the stream of commerce in Pennsylvania and is a citizen of the Commonwealth of Pennsylvania for the purposes of diversity jurisdiction," the Complaint is silent as to the citizenship of Green Eye's members.

Nautilus argues that Mr. Cutaia should be estopped from making this argument because Mr. Cutaia's Complaint in the underlying action pending in the Western District of Virginia asserts that "[b]ased upon information and belief, Cutaia alleges that the citizenship of all the members of Green Eye is that of the Commonwealth of Pennsylvania or states other than the Commonwealth of Virginia." Pl. Br. at 3 (citing Pl. Ex. A ¶ 3).

Mr. Cutaia's allegation in a separate case is insufficient to confer diversity jurisdiction on this Court in the instant matter.  First, Mr. Cutaia's factual allegation leave open the possibility that a Green Eye's members could be citizens of Arizona—the same state of which Plaintiff

Nautilus is a citizen. Second, it is Nautilus that "bears the burden of showing that the case is properly before the court at all stages of the litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993). "For a court properly to assume jurisdiction over an action under § 1332, complete diversity must be apparent from the pleadings." Lovestorm v. Bartner, No. 07-cv-4447, 2007 WL 3036837, at *4 (D.N.J. Oct. 16, 2007). Moreover, as Mr. Cutaia points out, it has long been "well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." Thomas Bd. of Trs., 195 U.S. 207, 211 (1904); see also In re Caterbone, 640 F.3d 108, 111 (3d Cir. 2011) ("subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived[, such that courts] ... have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (internal quotation marks and citation omitted))).

Nautilus requests leave to amend its Complaint to cure the jurisdictional defect. Mr. Cutaia does not object. Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The Court will therefore permit Nautilus to amend its Complaint to cure the jurisdictional defect, if it responsibly can do so. See, e.g. Scott v. LTS Builders LLC, No. 10-cv-0581, 2010 WL 4530153, at *2 (M.D. Pa. Nov. 2, 2010) (dismissing amended complaint because the plaintiffs failed to adequately allege citizenship of the parties, but granting leave to the plaintiffs to amend).

In light of the foregoing, it is hereby ORDERED as follows:

(1) Mr. Cutaia's Motion to Dismiss (ECF No. 11) is GRANTED, without prejudice;

(2) Plaintiff is GRANTED leave to amend its Complaint within twenty-one (21) days of the date of this Order; and

(3) Should Mr. Cutaia wish to file a motion to dismiss the Amended Complaint on the alternative grounds set forth in his original motion, he may submit a short supplemental brief incorporating his original arguments by reference.  Plaintiff shall be permitted to do the same in response to any such motion.

BY THE COURT:

Date: 5/30/12

s/Michael M. Baylson

Michael M. Baylson, U.S.D.J.

O:\CIVIL 11-12\11-7322 Nautilus v Green Eye\memo and order re motion to dismiss - diversity jdx.wpd